UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA; MIJENTE SUPPORT COMMITTEE; JUST FUTURES LAW; and IMMIGRANT DEFENSE PROJECT,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, U.S. CUSTOMS AND BORDER PROTECTION; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendants*. | Case No. 4:21-cv-02632-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**Case Management Conference Date: September 1, 2021**<br><br>**Time: 1:30 P.M.**<br><br>Hon. Donna M. Ryu |

1

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:21-CV-02632-DMR

The parties jointly submit this updated Joint Case Management Conference ("CMC") Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California- Contents of Joint Case Management Statement, and this Court's Civil Conference Minute Order dated July 21, 2021 ("Minute Order") requiring the parties to provide an updated Joint CMC Statement by October 25, 2021 including a "detailed joint proposal on a schedule for search, review and production or separate proposals if no agreement can be made." ECF No. 26.

**Factual Background**

Plaintiffs' Statement: On October 19, 2020 the American Civil Liberties Union of Northern California, Mijente Support Committee, Just Futures Law, and Immigrant Defense Project (together, "Plaintiffs") submitted a Freedom of Information ("FOIA") request (the "Request") to the U.S. Immigration and Customs Enforcement ("ICE"), the U.S. Customs and Border Protection ("CBP"), and the U.S. Department of Homeland Security ("DHS") (together, "Defendants") seeking the release of records related to the use of facial recognition surveillance technology to identify, locate, and track individuals. As of the date of the filing of the complaint on April 13, 2021, Defendants had not released records responsive to the Request. Defendants filed their Answer on May 19, 2021.

Defendants' Statement: As Defendants previously reported to the Court, Defendants have been working to respond to the Request, which contains more than nineteen subparts. *See* ECF No. 25 ¶ 2 (citing ECF No. 1 at 20-23). On October 20, 2020, CBP acknowledged receipt of the Request, assigned it a tracking number, and invoked a 10-day extension. ECF No. 16 ¶ 36. On October 29, 2020, DHS responded to the Request, assigned it a tracking number and, due to its subject matter, transferred the Request to the FOIA officers for ICE and CBP for processing and a direct response to Plaintiffs. *See id.* ¶ 44. On December 1, 2020, ICE acknowledged receipt of the request, assigned a tracking number, and invoked a 10-day extension. *Id.* ¶ 40. On January 13, 2021, Plaintiffs administratively appealed DHS's response, and on January 22, 2021, DHS acknowledged receipt of Plaintiffs' appeal and assigned it an appeal number. *Id.* ¶¶ 45-46. As of the date of the filing of the complaint on April 13, 2021, DHS had not yet responded to

Plaintiffs' appeal. *Id.* ¶ 47.

**Status of FOIA Production**

Plaintiffs' Statement: Plaintiffs received a first interim response to the Request from CBP dated August 16, 2021, and first interim responses and releases to the Request from ICE and DHS dated August 16, 2021. Plaintiffs received a second interim response to the Request from CBP dated August 24, 2021.

On August 24, 2021, Plaintiffs received from Defendants the information set forth below about the status of each agency's search for potentially responsive records. Plaintiffs respectfully request that the Court schedule a further case management conference in three weeks to permit the parties to meet and confer about ICE's review and production process and whether any measures can be negotiated to prioritize or streamline the review and production process in light of the large corpus of potentially responsive records.

With respect to ICE, Plaintiffs understand that the agency has identified a final page count of potentially responsive records of 12,544 pages. In order to determine whether the agency can streamline or prioritize the review and production of responsive records, Plaintiffs wish to meet-and-confer with Defendants about several topics, including whether ICE can (1) specify how many pages have been identified by each subcomponent of ICE; (2) whether ICE can prioritize the review and production of pages identified by certain subcomponents; and/or (3) the search terms used by the agency to identify potentially responsive records. Given the public interest in the records sought in these FOIA requests, Plaintiffs do not agree at this time that a 500-page/month review rate is acceptable but wish to confer further with Defendants to determine whether a mutually-acceptable review process can be crafted.

With respect to CBP, Plaintiffs await the agency's determination of whether it possesses any additional potentially responsive records.

With respect to DHS, Plaintiffs await the agency's review and release of the additional records it has identified as potentially responsive.

Defendants' Statement: As Defendants previously reported to the Court, Defendants share Plaintiffs' interest in setting a production schedule for responsive, non-exempt records, and

have been working to determine the scope of potential records. ECF No. 25 ¶ 17. However, given the breadth of the Request and the number of agencies, components and offices involved, Defendants respectfully sought to set a further CMC in six (6) weeks to give Defendants time to determine the scope of potentially responsive records and meet and confer with Plaintiffs regarding the Request and a reasonable production schedule for responsive, non-exempt records. In the interim, Defendants committed to begin producing responsive, non-exempt records to Plaintiffs on a rolling basis in monthly interim releases, including responsive, non-exempt records within the pages ICE, DHS, and CBP identified through the date of the initial CMC. *Id.* Plaintiffs agreed with Defendants' proposal to set the further CMC in six (6) weeks to allow the agencies to make their first interim releases on August 16, 2021.

Since the date of the parties' initial CMC, ICE completed the process of searching the records of the Office of Policy ("Policy"), Homeland Security Investigations ("HSI"), Enforcement and Removal Operations ("ERO"), Office of the Principal Legal Advisor ("OPLA"), Information Governance and Privacy ("IGP"), and Office of Acquisitions ("OAQ"). ICE also determined a final page count of potentially responsive records of 12,544 pages. ICE processed 511 pages and produced 189 pages to Plaintiffs on August 16, 2021. Of the remaining pages, 5 pages were withheld in full pursuant to Exemptions 5, 6, 7(C) or 7(E), 3 pages required submitter's notices with an outside organization, 17 pages were referred to the Government Accountability Office ("GAO"), CBP, and DHS, and 302 pages were deemed duplicate and/or non-responsive. Given the FOIA office's staff levels and workload, ICE calculates that it will be able to process a minimum of 500 pages per month and release non-exempt responsive records to Plaintiffs on the 16th of each month. ICE will also process the 3 pages that required submitter's notices with an outside organization by September 16, 2021 if, as ICE anticipates, the outside organization responds by the requested date of August 27, 2021.

Since the date of the parties' initial CMC, CBP has continued the process of searching the records of the Office of Field Operations ("OFO") Taskings, OFO Program Analysis, and Evaluation ("PPAE"), Office of Intelligence ("OI"), Office of Information Technology ("OIT"), and United States Border Patrol ("USBP"). CBP previously identified approximately 49 pages

of potentially responsive records from USBP, which it reported may change as any duplicates are removed, and also determined that OFO Taskings and OI did not have responsive records. CBP has determined that 42 of the 49 pages of potentially responsive records from USBP are duplicates, and the remaining 7 pages must be withheld in full pursuant to Exemption 5. With respect to determining a final page count of potentially responsive records, including any records held by OFO PPAE and OIT and any additional records held by USBP, CBP expects to be in a position to propose a schedule for the search, review and production of responsive records by the date of the parties' further CMC.

As reported to the Court, ECF No. 25 ¶ 17, DHS previously transferred the Request to ICE and CBP due to its subject matter. However, after the parties met and conferred on June 8, 2021, DHS investigated whether any of the following eleven offices may have responsive records: (1) the Office of Partnership and Engagement ("OPE"); (2) the Office of Operations Coordination and Planning ("OPS"); (3) the Office of the Executive Secretary ("ESEC"); (4) the Office of Biometric Identity Management ("OBIM"); (5) the Federal Protective Service ("FPS"); (6) the Science and Technology Directorate ("S&T"); (7) the Office of Intelligence and Analysis ("I&A"); (8) the Office of Strategy, Policy and Plans ("PLCY"); (9) the Federal Law Enforcement Training Centers ("FLETC"); (10) the DHS Privacy Office ("PRIV"); and (11) the Office for Civil Rights and Civil Liberties ("CRCL"). DHS has now determined that OPE, OPS, ESEC, FPS, PLCY, FLETC, OBIM, S&T, and I&A do not have responsive records, and that PRIV has 56 pages of potentially responsive records. As previously reported, *id.*, CRCL has 499 pages of potentially responsive records.

DHS processed 250 pages of the 499 pages identified by CRCL and produced 153 pages to Plaintiffs on August 16, 2021. Of the remaining 97 pages, 22 pages were withheld in full pursuant to Exemptions 5, 6, or 7, 24 pages were referred to GAO, 45 pages were referred to PRIV, and 6 pages were duplicates. DHS calculates that it will be able to process the remaining 249 pages of records identified by CRCL and release non-exempt responsive records to Plaintiffs on September 16, 2021. DHS will likewise endeavor to process the 56 pages identified by PRIV and release non-exempt responsive records to Plaintiffs by September 16, 2021.

5

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:21-CV-02632-DMR

Respectfully submitted,

DATED: August 25, 2021

/s/ *Vasudha Talla*
VASUDHA TALLA
American Civil Liberties Union Foundation of
   Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
vtalla@aclunc.org

*Attorney for Plaintiffs*

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney

*Attorneys for Defendants*