1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

8

9

AMERICAN CIVIL LIBERTIES UNION
OF NORTHERN CALIFORNIA;
MIJENTE SUPPORT COMMITTEE; JUST
FUTURES LAW; and IMMIGRANT
DEFENSE PROJECT,

10

11

12

*Plaintiffs*,

13

v.

14

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, U.S. CUSTOMS AND
BORDER PROTECTION; and U.S.
DEPARTMENT OF HOMELAND
SECURITY,

15

16

17

18

*Defendants*.

Case No. 4:21-cv-02632-DMR

**JOINT CASE MANAGEMENT
STATEMENT**

**Case Management Conference
Date: December 15, 2021**

**Time: 1:30 P.M.**

**Hon. Donna M. Ryu**

19

20

21

22

23

24

25

26

27

28

1

The parties jointly submit this updated Joint Case Management Conference ("CMC")
Statement pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern
District of California - Contents of Joint Case Management Statement, and this Court's Amended
Civil Minute Order dated October 20, 2021.  ECF No. 33 ("Order").

The Order required defendant U.S. Immigration and Customs Enforcement ("ICE") to
review at least 1000 pages per month and file a sworn declaration within 7 days of each
production providing certain information about its process for marking duplicates.  *Id.*  ICE
submitted its first declaration on November 16, 2021, ECF No. 34, and will continue processing
records and submitting declarations as ordered by the Court.

The Order further required that defendant U.S. Customs and Border Protection ("CBP")
provide in the parties' next joint case management statement, due December 8, 2021, "a full
update on the final page count from CBP and whether CBP was able to employ automated 'de-
duping' and if so, how it is done."  *Id.*  The Court also ordered the parties to "include the results
of the parties' meet and confer efforts regarding prioritization of CBP documents as well as
review rate."  *Id.*  The parties set forth this information below.

## I.    Factual Background

This action was brought by American Civil Liberties Union of Northern California,
Mijente Support Committee, Just Futures Law, and Immigrant Defense Project (together,
"Plaintiffs"), pursuant to the Freedom of Information Act ("FOIA"). Plaintiffs submitted a FOIA
request (the "Request") on October 19, 2020 to ICE, CBP, and the U.S. Department of
Homeland Security ("DHS") (together, "Defendants") seeking the release of records related to
the use of facial recognition surveillance technology to identify, locate, and track individuals.
Plaintiffs filed this action on April 13, 2021, at which time Defendants had not yet released
records responsive to the Request. Defendants filed their answer on May 19, 2021.  Defendants
have been working to respond to the Request, which contains more than nineteen subparts, as
further described below.

## II.    Status of FOIA Production

Plaintiffs' Statement on Status of FOIA Production: Since the previous case management

2

conference, Plaintiffs have received a production from ICE, and are awaiting further information and productions from each of the defendant agencies, as described in further detail below.

1.    ICE: In accordance with the Court's Order, ICE reviewed approximately 1,000 pages of potentially responsive documents for its November 16, 2021 release. ICE released 65 pages in full, 86 pages in part, and withheld 31 pages in full. ICE referred 109 pages to DHS, referred 93 pages to the Department of Justice, and submitted notices to outside organizations for 64 pages. Over half of the pages reviewed—554 pages—were withheld as duplicates, and 3 pages were withheld as non-responsive. ICE filed a declaration regarding its process for determining duplicates that complies with the requirements of the Court's order.

2.    CBP: Since the prior case management conference, Plaintiffs have received CBP's Fourth Interim Production dated October 20, 2021. CBP reviewed 12 pages referred to it by OBIM and 146 pages referred to it by the DHS Office of Civil Rights and Civil Liberties, and determined to withhold all pages in full.

Plaintiff acknowledges the information CBP has provided regarding technical problems that have prevented it from providing a final page count of potentially responsive documents. Only after the pages have been de-duplicated, and a final page count has been determined, will Plaintiffs be in a position to determine whether a monthly review rate of 750 pages/month is appropriate given the context of this case.

3.    DHS: Plaintiffs' understanding is that DHS has concluded its search for potentially responsive records. On October 29, 2021, DHS's Privacy Office released 11 pages of records in part or in full, after referring a total of 66 pages to the Office of Biometric Identity Management ("OBIM") for its review.

There remain a few tranches of records that are pending review and release by DHS: 11 pages referred to DHS by ICE (referenced in ICE's release of August 16, 2021); 76 pages referred to DHS by ICE (referenced in ICE's release of October 16, 2021); 109 pages referred to DHS by ICE (referenced in ICE's release of November 16, 2021). Counsel will confer in advance of the case management conference to determine how and when these pages that have been referred to ICE by other agencies will be reviewed and released.

A.      Defendants' Statement on Status of FOIA Production:

In the parties' prior CMC statement, dated October 13, 2021, ECF No. 31, CBP reported that it had searched the records of numerous program offices and components, processed certain potentially responsive pages identified thus far, and had identified an additional approximately 700 potentially responsive documents, which CBP was working on de-duplicating to obtain a relevant page count.

CBP also reported that it had separately run email searches for records responsive to items 7 and 8 of the Request.  With respect to item 7, CBP finalized its list of custodians from the program offices on September 1, 2021, and completed its search for responsive records on September 30, 2021.  With respect to item 8, CBP completed its search and uploaded the results on September 1, 2021.  CBP has identified approximately 120,000 emails relating to items 7 and 8.  As of the date of the parties' prior CMC, these records were being reviewed for responsiveness and duplicates.

Since the date of the parties' prior CMC, CBP has working diligently to determine the final page count of potentially responsive pages that accounts for duplicates.  However, CBP has suffered significant network issues that have hindered its ability to upload the third and final batch of potentially responsive documents to its processing system, Clearwell, which it must do in order to obtain an updated page count, and CBP staff have been actively working on resolving these issues.  Clearwell has experienced several server issues, including items not loading, which has also prevented users from printing or exporting content.  CBP FOIA staff have also experienced issues converting Non-traditional Files (such as Excel spreadsheets) that are not in an easily workable format, resulting in a need to reprocess documents.  FOIA staff and supporting groups are experiencing issues with the software they use to connect remotely to the CBP network (e.g., Global Protect and Citrix), which has either slowed or gone down completely for some FOIA staff members.  In addition, FOIA staff have experienced delays with the tools used to exchange information among FOIA staff and with component offices, including Microsoft Teams, Sharepoint and Outlook.  These delays have included systems locking up, synching issues, and issues uploading and downloading files.  The act of clicking to the next

4

1    page in Adobe has occasionally taken longer than one minute, making each step of the process

2    more challenging.

3            At this time, CBP expects to provide an initial estimated metadata page count to Plaintiffs

4    in advance of the parties' CMC.  This metadata page count will be the estimated total number of

5    pages uploaded to Clearwell before the de-duping process has occurred, and therefore will be

6    expected to decrease after processing.  The final page count may change when native files are

7    converted in a pre-processing step for redaction.

8            With respect to whether CBP can utilize automated de-duping and, if so, how it is done,

9    CBP's processing system, Clearwell, is capable of identifying duplicate and near-duplicate

10   documents by comparing their metadata.  Near duplicates are documents that are highly similar

11   to another document, but contain minor differences, e.g., formatting or metadata.  After all

12   material is uploaded to Clearwell, a user may sort, review, and/or export documents or reports

13   based on a variety of elements, including elements identified by Clearwell.

14           CBP remains willing to meet and confer with Plaintiffs about prioritizing its processing

15   of certain CBP documents once it has determined the final page count of potentially responsive

16   records.  With respect to a review rate, CBP has assessed in good faith whether it has the

17   capacity to agree to a processing rate equal to the Court-ordered rate of 1000 pages per month for

18   ICE, but has determined that the highest processing rate it can accommodate in light of its

19   limited staffing and large FOIA workload is 750 pages per month.

20

21

22

23

24

25

26

27   ///

28   ///

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:21-CV-02632-DMR

Respectfully submitted,

DATED: December 8, 2021

/s/ *Vasudha Talla*
VASUDHA TALLA
American Civil Liberties Union Foundation of
    Northern California
39 Drumm Street
San Francisco, CA 94111
Telephone: 415-621-2493
vtalla@aclunc.org

*Attorney for Plaintiffs*

STEPHANIE M. HINDS
Acting United States Attorney

/s/ *Savith Iyengar*
SAVITH IYENGAR
Assistant United States Attorney

*Attorneys for Defendants*

**ECF ATTESTATION**

In accordance with Civil Local Rule 5(i)(3), I, Savith Iyengar, attest that I have obtained

concurrence in the filing of this document from the other signatory listed above.

/s/ *Savith Iyengar*
SAVITH IYENGAR

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 4:21-CV-02632-DMR